**Paul E. TOPE, Sr., and Joan Tope, Appellants,**

v.

**Robert J. KAMINSKI and Jeanette Kaminski, Appellees.**

No. 08-89-00380-CV.

Court of Appeals of Texas, El Paso.

July 11, 1990.

Rehearing Overruled Aug. 8, 1990.

Ralph E. Harris, El Paso, for appellants.

Larry H. Schwartz, Schwartz, Earp, McClure, Cohen & Stewart, Ann Crawford McClure, El Paso, for appellees.

M. Sue Kurita, Hardie & Hallmark, P.C., El Paso, ad litem.

Before FULLER, WOODARD and KOEHLER, JJ.

OPINION

FULLER, Justice.

The trial court granted the maternal grandparents access to their three grandchildren. We reverse.

This controversy arose in 1985, when the Topes' marriage was in trouble. We started reviewing the record and immediately it was apparent that there was severe animosity between the Kaminskis and their son-in-law, Paul E. Tope, Sr. During the years of litigation, that animosity did not subside. The trial court patiently and courageously tried to reconcile the maternal grandparents/daughter and son-in-law relationship. Such effort ended in total failure.

The court fight commenced when in July 1983, the Kaminskis' daughter (Joan Tope) filed suit for dissolution of her marriage to Paul E. Tope, Sr. At that time, there was only one child of the marriage and Mrs. Tope.

The Kaminskis intervened in that divorce suit seeking ultimately to be appointed managing conservators of their grandchild or in the alternative that they be given reasonable access to the child. The grandparents were given visitation access, and the trial court ordered a social study.

The Topes did not proceed with the divorce, having reconciled, and thereafter two more children were born of the marriage. Troubles between the adult Topes and the adult Kaminskis remained the same, BAD.

In May 1987, the grandparents filed a motion to modify and petitioned for further action seeking changes in access and requesting visitation with the two new grandchildren. While this motion was pending, the following month (June 1987), the Topes non-suited the divorce.

After the non-suit was granted, on July 24, 1987, the grandparents filed an original petition in a suit affecting the parent-child relationship, seeking under Section 14.03(e)

of the Texas Family Code, grandparent visitation or in the alternative seeking managing conservatorship of the grandchildren under Section 11.03(b)(1) of the Code. They asserted that one or more of the children had been physically and emotionally abused by one or both of the Topes.

While this July, 1987, original petition was pending, the trial judge by order dated August 26, 1987, denied the grandparents any relief they had requested in their May 1987 motion to modify and petition for further action.

This left pending the grandparents' July 1987 original petition in a suit affecting the parent-child relationship which sought visitation or managing conservatorship. Trial commenced on the July 1987 grandparents' lawsuit in February 1988, and at the end of the trial, the Judge made comments from the bench stating that he was not convinced the children had been abused and that he would deny the grandparents' request for change of managing conservatorship. However, the trial court indicated to the parties that he would conduct a hearing concerning the entry of the judgment. A hearing on the entry of the judgment was heard on May 20, 1988. Complaints were made of the total lack of cooperation by the Topes in seeking counseling and in allowing grandparent visitation. The trial court decided not to enter any judgment but decided to study the allegations.

No further court action took place. Then on December 29, 1988, the grandparents filed a "MOTION FOR AUTHORIZATION AS CHILDREN'S REPRESENTATIVES." This motion sought authorization for the grandparents to bring suit under Section 11.03(a) of the Texas Family Code. The motion was heard on January 20, 1989, and the trial court entered an order on April 6, 1989, finding that the grandparents had standing to proceed with their action for grandparent access. An attorney ad litem was appointed to represent the interest of the children and to make recommendations as to times when the grandparents would have access to the grandchildren.

Thereafter, the trial court entered an order on September 25, 1989, finding that the grandparents had standing to proceed with their request for access and that access to their grandchildren was granted. This is the order that has precipitated this appeal by the Topes.

Point of Error No. One asserts the trial court erred in granting grandparent access because there was no evidence or insufficient evidence that access would be in the best of the children and that the children had been abused.

The grandparents' original suit affecting the parent-child relationship was brought under Section 11.03(b)(1) and Section 14.03(e) of the Texas Family Code.

Section 11.03(b)(1) provides:

An original suit affecting the parent-child relationship seeking managing conservatorship may be brought by a grandparent or by any other person deemed by the court to have had substantial past contact with the child sufficient to warrant standing to do so, if there is satisfactory proof to the court that: (1) the child's environment with the parent or parents ... may endanger the child's physical health or significantly impair the child's emotional development....

Section 14.03(e) deals with possession and access to a child, and it states in part:

In a suit affecting the parent-child relationship ... the court may issue and enforce orders granting to a grandparent of the child reasonable access to the child if a parent of the child is, at the time that the relief is requested, a natural parent of the child, if access to the grandparent is in the best interest of the child, and if: (3) the child has been abused or neglected by a parent of the child....

The Kaminskis, in their July 1987 original petition in a suit affecting the parent-child relationship, sought relief under Section 14.03(e) and Section 11.03(b)(1) of the Family Code. It was their burden to prove not only the best interest of the child but parental abuse or neglect did exist which would justify the relief they sought. They could have brought suit under Section 11.03(a)(2) but elected not to do so.

 Counsel for Appellees on argument urges this Court to make a finding that once it is determined that the grandparents have standing under Section 11.03(a) of the Family Code that there is no requirement that the grandparents have the burden of proving abuse or neglect. They urge that the trial court's decision is based on "the best interest of the child/children." We disagree. We note that even under Section 11.03(c) it states "access to the child by a grandparent is governed by the standards established by Section 14.03 of this code."

We here are faced with a situation where the natural parents overcame the decision to divorce. After reconciliation, they had two more children and apparently are still married. The problems between the Topes and the Kaminskis are serious and long lasting. They simply do not like each other and the hurts may never be cured. However, the Topes are still the parents of the children and are fighting for their control.

 When the legislature enacted the specific provision for grandparent access for visitation [Section 14.03(e) ], it preempted the general visitation provisions of Sections 11.03 and 14.03(a) because it expressly provides for those situations in which grandparent access to their grandchildren is available. *Cowett v. Brine,* 704 S.W.2d 832 (Tex.App.—Texarkana 1985, writ dism'd).

The trial court not having found parental abuse or neglect of the children was in error in granting grandparent access.

We reverse the judgment of the trial court that granted grandparent access. We render judgment that the grandparents be denied access to their grandchildren.